UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RICKY LEE GORMAN, | Case No. 2:23-cv-00170-MMD-NJK |
| Petitioner, | ORDER |
| v. | |
| NEVADA DEPARTMENT OF CORRECTIONS, *et al.*, | |
| Respondents. | |

Petitioner Ricky Lee Gorman has submitted a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1-1 ("Petition")).[1] However, he has neither paid the $5.00 filing fee nor submitted a completed application to proceed *in forma pauperis* with the required inmate account statements for the past six months and financial certificate. *See* 28 U.S.C. § 1915(a)(2); LSR 1-2. This action is therefore subject to dismissal without prejudice as improperly commenced.

Moreover, Gorman indicates in his Petition that he is currently appealing his state-court judgment of conviction. (*Id.* at 5.) A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of the claims before she or he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains

---

[1] Gorman uses his *pro se* form for a 28 U.S.C. § 2241 habeas corpus petition, but he challenges his state-court judgment of conviction on federal constitutional grounds. Thus, the Court construes the Petition as one brought under § 2254.

1

unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

In his Petition, Gorman argues he was deprived of his constitutional speedy trial and due process rights. (*Id.* at 2.) He also states that his direct appeal is currently pending before the Nevada Supreme Court as Case No. 85429. (*Id.* at 5.) The Court takes judicial notice of the Nevada state appellate docket, which reflects that briefing is in progress on Gorman's direct appeal. Thus, he has not yet exhausted his state-court remedies. Further, the decision on appeal and on any state postconviction petition could render this action moot. Accordingly, the Petition is dismissed without prejudice.

It is therefore ordered that the Clerk of Court detach and file the petition (ECF No. 1-1).

It is further ordered that the petition is dismissed without prejudice as set forth in this order.

It is further ordered that a certificate of appealability is denied.

It is further ordered that the Clerk of Court send Gorman one copy of the petition (ECF No. 1-1).

It is further ordered that the Clerk of Court enter judgment accordingly and close this case.

DATED 7th Day of March 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICTJUDGE